UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-mj-03656-TORRES
*District of South Carolina (Charleston) Case No. 22-cr-00795*

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ANTWAN ANTONIO TAYLOR,
    a/k/a "Blow"

    Defendant.

_____/

### ORDER OF DETENTION AND REMOVAL

THIS CAUSE came before the Court for a removal and detention hearing on October 5, 2022, pursuant to Federal Rule of Criminal Procedure 5(c)(3)(D) and the Bail Reform Act, 18 U.S.C. § 3142(f), to determine whether Defendant, Antwan Antonio Taylor ("Defendant"), is the same person named in the Indictment and whether he should be detained pending trial. The United States has requested that Defendant be detained based upon danger to the community and risk of flight.

THE COURT has considered the factors enumerated in 18 U.S.C. § 3142(g), heard from the parties, their counsel, and witnesses at the October 5, 2022, hearing, and is otherwise fully advised in the premises. For the reasons that follow, this Court finds that the Government has established identity by a preponderance of the evidence. Additionally, this Court finds that no condition or combination of conditions will reasonably assure the safety of the community, and, therefore, Defendant shall be detained pending trial.

In accordance with the provisions of Rule 5(c)(3)(D) and 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the removal and detention:

## I. FINDINGS OF FACT

### A. *Nature and Circumstances of the Offense*

Defendant was indicted in the District of South Carolina[1] and charged with conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) (Count 1), and knowingly making a false statement in connection with the acquisition and attempted acquisition of a firearm, in violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2), and 2 (Count 2). At the time of indictment, an arrest warrant for Defendant was issued. If convicted, he faces a minimum term of ten (10) years' imprisonment and a maximum term of life imprisonment as to Count 1. As to Count 2, he faces a maximum term of ten (10) years' imprisonment.

Given the nature of the charges, there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of Defendant as required and the safety of the community. *See* 18 U.S.C. § 3142(e)(3)(A).

### B. *Weight of the Evidence*

The weight of the government's evidence is substantial. Through its proffer at the detention hearing, the Indictment, and cross-examination of Miami-Dade Police Department

---

[1] The Court takes judicial notice of the Indictment, dated September 20, 2022.

Detective Terry Charles and DEA Special Agent Rodney Barboza, the United States demonstrated by a preponderance of the evidence that Defendant is the same person named in the Indictment and arrest warrant and established probable cause to find Defendant committed the charged offenses.

A comprehensive investigation conducted by state and federal law enforcement revealed that Defendant was a significant source of supply of multi-kilograms of cocaine being trafficked between Florida and South Carolina beginning from at least May 2021 through the date of the Indictment. The investigation involved extensive surveillance of Defendant's residence in South Carolina, trackers on Defendant's numerous vehicles, and authorizations for Title III wiretaps of cellular phone(s) of Defendant and co-conspirators for approximately five to six months. After a search warrant was executed at Defendant's South Carolina residence and vehicles, law enforcement recovered approximately 18 kilograms of cocaine hidden within intricate traps or compartments inside Defendant's vehicles. The evidence also shows that Defendant directed a co-conspirator, with no prior criminal record, to purchase a firearm on behalf of Defendant since Defendant is not allowed to own a firearm due to his prior felony conviction.

Law enforcement agents from South Carolina, who were familiar with the details of the investigation, were present during Defendant's arrest in South Florida and were able to confirm that Defendant was the same person charged in the Indictment. When he was arrested, Defendant had driver's licenses from Florida and South Carolina which showed the same date of birth, name, and photograph.

The Court had the opportunity to observe and hear Detective Charles' and Special Agent Barboza's testimony, which this Court found credible.

**C.**     *History and Characteristics of the Defendant*

The Court finds that Defendant has rebutted the presumption that he is a risk of flight. Although Defendant primarily resides in South Carolina, he has substantial familial ties to the South Florida community, and despite his criminal history, he does not have any prior charges for failure to appear or absconding.[2] Moreover, numerous friends and family members personally appeared on Defendant's behalf and indicated they would be willing to co-sign bonds and assure stable residence in the community. Therefore, the Court determined that the Government did not establish that no condition or combination of conditions could reasonably assure the Defendant's appearance.

However, the Court finds that Defendant has not rebutted the presumption that he is a danger to the community. Defendant's history and characteristics support detention based on danger to the community. As noted above, the Court finds that the weight of the evidence against Defendant is strong. Defendant participated in and directed a conspiracy to possess and distribute over 15 kilograms of cocaine, which is a serious offense. Defendant also has an extensive criminal history, including a state drug trafficking conviction for which he was sentenced to fifteen years' imprisonment. Given the foregoing and Defendant's role in the charged conspiracy and his criminal history, the Court finds that no condition or combination of conditions will reasonably assure that he will not present a danger to the community,

---

[2] The Court takes judicial notice of the Pretrial Services Report, dated September 30, 2022.

including the possibility that he may continue to engage in or direct others to engage in dangerous narcotics and gun related felonies.

## II.     REASONS FOR DETENTION

When the United States seeks to detain a criminal defendant pending trial based on his status as a flight risk, it must prove by a preponderance of the evidence that no condition or set of conditions will reasonably assure his presence at trial. *United States v. Medina*, 775 F.2d 1398, 1402 (11th Cir. 1985). By contrast, where the United States seeks to detain a defendant based on his potential danger to the community, it must show by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community. *Id.*

In light of the nature and circumstances of the charges against Defendant, the significant prison time he faces if convicted, the weight of the evidence against him, his prior drug trafficking conviction, the information contained in the Indictment, and the evidence presented at the October 5, 2022 detention hearing, the Court finds that the United States has established by clear and convincing evidence that no condition or set of conditions would reasonably assure the safety of the community if Defendant were to be released on bond. Accordingly, Defendant must be detained pending trial in this matter.

## III.     CONCLUSION

For the reasons stated above, it is hereby

**ORDERED** that Defendant, Antwan Antonio Taylor, is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in

custody pending appeal. Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of a court of the United States or on request of an attorney for the United States, the person in charge of the corrections facility must deliver Defendant to the United States Marshal for the purpose of court appearances. It is further

**ORDERED and ADJUDGED** that Defendant shall be transferred to the District of South Carolina for all further proceedings, and the Clerk of Court is directed to transmit all papers in connection therewith.

Although this written order is executed on this 14th day of October, the Court announced its decision regarding detention as to Defendant on the record at the detention hearing held October 5, 2022, and, thus, this Order is effective as of October 5, 2022.

**DONE and ORDERED** in Chambers at Miami, Florida, this 14th day of October 2022.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Pretrial Services (Miami)